United States District Court
Southern District of Texas
**ENTERED**
July 25, 2016
David J. Bradley, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADRIANA GANDARA-MEZA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-139 |
| | § | Criminal No. 1:13-309-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 20, 2016, Petitioner Adriana Gandara-Meza ("Gandara-Meza") filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Gandara-Meza's motion be **DENIED** because her claims are factually and legally meritless on their face.

## I. Procedural and Factual Background

On April 23, 2013, Gandara-Meza was charged by a federal grand jury – sitting in Brownsville, Texas, – in a two count indictment, with: (1) conspiracy to possess with intent to distribute a quantity of more than 100 kilograms of marihuana; and (2) possession with intent to distribute more than 100 kilograms of marihuana, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. U.S. v. Adriana Gandara-Meza, Criminal No. 1:13-309-1, Dkt. No. 33 (hereinafter "CR").

### A. Rearraignment

On June 25, 2013, Gandara-Meza appeared before the District Judge and pled guilty – without a written plea agreement – to Count two of the indictment– possession with intent to distribute more than 100 kilograms of marihuana. CR Dkt. No. 114, p. 4.

1

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Gandara-Meza was assessed a base offense level of 26 for possession with intent to distribute approximately 132 kilograms, gross weight, of marihuana. CR Dkt. No. 114, p. 9.  Gandara-Meza was also assessed an additional three-level enhancement because she was deemed a manager or supervisor of five or more participants for the instant offense. Id.  Additionally, Gandara-Meza received a two-level enhancement because she recklessly created a substantial risk of serious death or bodily injury during her flight from law enforcement. Id.  Gandara-Meza received a three-level reduction for acceptance of responsibility. Id.  Thus, Gandara-Meza was assessed a total offense level of 28.

Regarding her criminal history, Gandara-Meza had four adult criminal convictions and was assessed eight criminal history points. CR Dkt. No. 114, pp. 10-12.  This resulted in a criminal history category of IV. Id., p. 12.  Based on Gandara-Meza's offense level of 28 and a criminal history category of IV, the presentence report identified a guideline sentencing range of 110 to 137 months of imprisonment. Id., p. 15.

On October 1, 2013, Gandara-Meza filed objections to the PSR. Specifically, she objected to the sentencing guideline that deemed her a manager or supervisor of the offense. CR Dkt. No. 128.  On January 24, 2014, at the sentence hearing, the District Court granted Gandara-Meza a five-level adjustment by removing both enhancements from her sentence – one which deemed her a manager or supervisor of the offense and the other claiming she recklessly endangerment the public during flight from law enforcement – reducing Gandara-Meza's offense level to 23. CR Dkt. No. 161, p. 1.

An offense level of 23 and a criminal history category of IV resulted in an imprisonment guideline sentencing range of 70 to 87 months. Id

The Government filed a motion for a downward departure based on Gandara-Meza's substantial assistance. CR Dkt. No. 154.  That motion was granted. CR Dkt. No. 161.

On January 24, 2014, the District Court sentenced Gandara-Meza to 58 months of imprisonment, three years of supervised release – without supervision – and a $100 special

2

assessment fee, which was remitted. CR Dkt. No. 160.  The judgment was entered on February 5, 2014.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Gandara-Meza's deadline for filing a notice of appeal passed on February 19, 2014.[1] Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 20, 2016, Gandara-Meza timely[2] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1.  In her motion, Gandara-Meza asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 4.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because her petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Gandara-Meza seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence

---

[1]After judgment was entered, Gandara-Meza filed a Motion for Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582, which was denied. CR Dkt. No. 178.

[2]Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which it initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Gandara-Meza filed her appeal within one-year from the date which Johnson was decided. Therefore, the appeal is timely.

was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives her direct appeal, the Court is entitled to presume that she stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Gandara-Meza's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Gandara-Meza's claim.

### A. **Johnson is Inapplicable**

Gandara-Meza asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). In Johnson, the Supreme

Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA.  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" § 924(e)(2)(B) (emphasis added).  The just-listed and underlined portion of § 924 has been referred to as the Act's residual clause. <u>Johnson</u>, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. <u>Johnson</u>, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").  The Supreme Court has confirmed the retroactivity of <u>Johnson</u> as applied to the ACCA. <u>See</u> <u>Welch v. U.S.</u>, 136 S. Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Gandara-Meza, none of it applies to her case. Gandara-Meza was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).  Instead, she was convicted for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C.§ 2. CR Dkt. No. 33.  Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Gandara-Meza with a vehicle for relief.

### B. <u>Gonzalez-Longoria Affords No Relief</u>

Gandara-Meza makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue – in the context of an 8 U.S.C. § 1326 sentencing enhancement for a prior crime of violence – in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). There, the panel concluded that the statutory definition of "crime of violence," found at 18 U.S.C. § 16, is unconstitutionally vague because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Gandara-Meza may have found in that decision was short-lived; the panel opinion was withdrawn and Gonzalez-Longoria is pending consideration en banc.[3]

"It is well settled that when the Fifth Circuit grants rehearing en banc, the panel opinion is vacated and has no precedential value." Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. WL 1867292 (N.D. Tex. 2005); see also 5th Cir. R. 41.3. When a court decision is vacated its "ruling and guidance" are "erased." See U.S. v. Windsor, 133 S. Ct. 2675, 2688 (2013); U.S. ex. rel. Marcy v. Rowan Co., 520 F.3d 384, 389 (5th Cir. 2008). Since the Fifth Circuit has granted rehearing en banc for Gonzalez-Longoria, it is of no precedential value whatsoever.

Moreover, even if the Fifth Circuit en banc decision is substantially the same as the panel's decision, it has no effect in the instant petition, because Gandara-Meza's sentence was not enhanced for a "crime of violence" under 8 U.S.C. §1101(a)(43)(F) or 18 U.S.C. § 16. See CR Dkt. No. 114, p. 6. In fact, Gandara-Meza's sentence was not enhanced whatsoever. Id. Instead, Gandara-Meza's sentence was reduced for acceptance of responsibility. Id. Accordingly, the analysis in Johnson and the panel's decision in Gonzalez-Longoria are not applicable to Gandara-Meza's case.

---

[3] 813 F.3d 225 (5th Cir. 2016) (discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

Thus, Gandara-Meza's reliance on <u>Johnson</u> and its progeny is factually and legally misplaced.  For those reasons, her claim is meritless and should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Adriana Gandara-Meza's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED**.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id</u>. at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may <u>sua</u> <u>sponte</u> rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Gandara-Meza's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Gandara-Meza's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

7

Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on July 25, 2016.

Ronald G. Morgan
United States Magistrate Judge